**J.R. NORTON COMPANY, INC., Plaintiff,**

v.

**David ARIZMENDI, Janet Vining, Christine Bleuler, Carlos Bowker, Lupe Martinez, Ben Romo, Deborah Escobedo, Jerome Waldie, John McCarthy, Stuart Wien, Jorge Carrillo, Patrick Henning, James Sullivan and Eugene Cardenas, Defendants.**

No. 84–1143 B.

United States District Court,
S.D. California.

July 15, 1985.

**648**

Hersh & Stoll, Charley M. Stoll, Alan J. Saxe, Newport Beach, Cal., for plaintiff.

Agricultural Labor Relations Bd., Daniel G. Stone, Solicitor, Nancy C. Smith, Cathy Christian, Deputy Solicitors, Sacramento, Cal., for defendants.

## MEMORANDUM–DECISION AND ORDER

EDWARD A. INFANTE, United States Magistrate.

This is a civil rights action under Title 42 United States Code Section 1983 brought by plaintiff, an employer of agricultural farm workers, against officials and employees of The California Agricultural Labor Relations Board (hereinafter "ALRB"). The essence of the plaintiff's complaint is that the defendants have acted with prejudice, bias and bad faith in order to ensure that The United Farm Workers of America, AFL–CIO (hereinafter "the Union") would prevail in its positions in disputed labor matters before the ALRB involving the plaintiff, and that the prejudice resulted in ALRB rulings consistently adverse to plaintiff.

Presently before the Court is plaintiff's motion to compel production of ALRB documents which defendants claim are privileged and not subject to discovery. Pursuant to the Court's discovery order of April 24, 1985, defendants have submitted the contested documents *in camera*. Defendants also filed and served an index of the documents listing each document, its dissemination, and the specific privilege claimed along with supporting declarations. The *in camera* submission consists of one hundred and ninety-nine ·(199) documents from the master files and the decision files

of the ALRB. The Court has carefully considered the motion papers and memoranda submitted by each counsel and has reviewed the documents, *in camera*.

The defendants have asserted the attorney-client privilege as to documents numbered 3, 4, 5, 6, 7, 8, 11, 12, 13, 14, 20, 23, 25, 26, 27, 28, 29, 195 and 199 and have asserted the deliberative process. privilege as to *all* of the documents. The claim of the deliberative process privilege has been properly invoked. It is claimed by the Chairperson of the ALRB. His declaration shows that he has personally reviewed the documents, that he has designated and described the information that is purportedly privileged, and that he has stated precise reasons for preserving the confidentiality of the documents. See, *Mobil Oil v. Dept. of Energy*, 102 F.R.D. 1, 5–6 (N.D.N.Y. 1983).

### The Deliberative Process Privilege

The deliberative process privilege, a sub-category of the executive or governmental privilege, rests on the policy of protecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated. *Mobil Oil Corp. v. Dept. of Energy, supra.* The purpose of the privilege is to encourage frank discussions of ideas and policies among governmental officials, thereby ensuring the quality of governmental decision making. *Environmental Protection Agency, v. Mink*, 410 U.S. 73, 87, 93 S.Ct. 827, 836, 35 L.Ed.2d 119 (1973). The documents must meet two requirements for the deliberative process privilege to apply. First, the document must be predecisional, that is it must have been generated before the adoption of an agency decision. Secondly, the document must be deliberative in nature, containing opinions, recommendations or advice regarding matters pending before the agency. *F.T.C. v. Warner Communications Inc.*, 742 F.2d 1156 (9th Cir.1984). The privilege is to be narrowly construed. It does not include purely factual material. *Mink, supra*, 410 U.S. at 87–89, 93 S.Ct. at

836. Summaries or commentaries on past administrative determinations or investigations of past agency acts are not protected. *Resident Advisory Board v. Rizzo,* 97 F.R.D. 749, 753 (E.D.PA.1983).

■ Applying the privilege to the ALRB documents *in camera,* the requirements of the privilege are not satisfied as to some of the documents. The documents itemized as # 31, 45, 51, 53, 78, 88, 92, 117, 136, 151, 159 and 190 are not predecisional, and the documents itemized as # 155, 156, 196, 197 and 198 do not contain "deliberative" material. The balance of the documents are within the predecisional deliberative process privilege. They were generated as confidential intra agency communications before the issuance of ALRB decisions and are clearly deliberative in nature, containing opinions, advice, or recommendations on matters pending ALRB action. Although the privilege applies to these documents, their protection from disclosure depends on an ad hoc balancing analysis.

The deliberative process privilege is a qualified privilege. "A litigant may obtain deliberative materials if his or her need for the materials and the need for accurate fact finding override the government's interest in non-disclosure." *F.T.C. v. Warner Communications, Inc., supra,* 742 F.2d at 1161. The factors used in making the determination are: 1) the relevance of the evidence; 2) the availability of other evidence; 3) the government's role in the litigation; and 4) the extent to which disclosure would hinder frank and independent discussion regarding contemplated policies and decisions. *F.T.C. v. Warner Communications, Inc., supra.* See also, *Mobil Oil Corporation v. Department of Energy, supra.*

The ALRB documents have little, if any, relevance to the plaintiff's case. The intra agency advice, opinions, and recommendations contained in the documents appear to be based on sound and objective analysis of facts and principles of law. They do not tend to support the plaintiff's allegations of bias, prejudice, and bad faith individually or collectively. Compelled disclosure of these materials would have a chilling effect on the ALRB deliberative process in issuing its decisions in the future. It would hinder frank and independent discussion among the ALRB's attorneys and staff on collective bargaining and labor disputes pending Board action. The need for confidentiality outweighs the plaintiff's need for the information, particularly in light of the minimal relevance of the documents to the plaintiff's claims. Therefore, the defendants' claim of deliberative process privilege is sustained as to all documents to which the privilege was found applicable, and overruled as inapplicable to documents itemized as # 31, 45, 51, 53, 78, 88, 92, 117, 136, 151, 155, 156, 159, 190, 196, 197, and 198.

*Attorney-Client Privilege*

■ Defendants have claimed attorney-client privilege as to documents itemized as # 3, 4, 5, 6, 7, 8, 11, 12, 13, 14, 20, 23, 25, 26, 27, 28, 29, 195 and 199. After review of the defendants' index to privileged documents, the declarations filed in opposition to plaintiff's motion to compel production of documents, the declarations filed in support of the claims of privilege, and the documents *in camera,* the defendants' claims of attorney-client privilege are sustained. Each document is a confidential communication between ALRB attorneys and The Board regarding the securing or rendering of legal advice pertaining to matters pending Board action.

ORDER

Plaintiff's motion to compel production of documents is granted in part. Defendants shall produce the documents itemized in the Index to Privileged Documents as # 31, 45, 51, 53, 78, 88, 92, 117, 136, 151, 155, 156, 159, 190, 196, 197 and 198. The motion is denied as to all other documents submitted *in camera.*