**In the Matter of John & Margaret NELSON, Debtors.**

**John & Margaret NELSON, Plaintiffs,**

**v.**

**PRODUCTION CREDIT ASSOCIATION OF THE MIDLANDS, Defendant.**

**No. CV88–L–238.**

United States District Court, D. Nebraska.

April 17, 1989.

---

David H. Hahn, Lincoln, Neb., for plaintiffs.

Howard P. Olsen, Jr., Scottsbluff, Neb., for defendant.

## MEMORANDUM AND ORDER ON DEFENDANTS' APPEALS FROM RULINGS OF THE MAGISTRATE

URBOM, District Judge.

On March 22, 1989, the magistrate granted the plaintiffs' motion to compel, filing 101; the defendant has appealed. I have studied the memorandum and order of the magistrate, filing 127, and find that it is not clearly erroneous or contrary to law. The appeal, therefore, shall be denied.

At the final pretrial conference on March 23, 1989, the magistrate denied the defendant's motion for leave to file a motion for summary judgment. The defendant now appeals from that order. The magistrate's decision is not clearly erroneous or contrary to law. Furthermore, as a practical matter, the prospect of a summary judgment's saving at this late date any substantial time of the court or the parties is highly doubtful.

IT IS ORDERED that:

1. the appeal of the defendant from the magistrate's order of March 22, 1989, filing 134, is denied; and

2. the appeal of the defendant from the order on final pretrial conference, filing 142, is denied.

## MEMORANDUM AND ORDER

DAVID L. PIESTER, United States Magistrate.

Pending before the court is plaintiffs' motion to compel the production of certain documents which are the property of a non-party to this litigation, the Federal Intermediate Credit Bank of Omaha (hereafter FICB). Formerly, FICB was a major capital source for loans made by the defendant and is vested with considerable control over the production credit associations (hereafter PCA's) within its geographic region. *See, Bailey v. Federal Intermediate Credit Bank*, 788 F.2d 498 (8th Cir.1986), *cert. denied*, 479 U.S. 915, 107 S.Ct. 317, 93 L.Ed.2d 290 (1986) (Discussing the relationship between FICB's and PCA's pursuant to the Farm Credit Act of 1971, 12 U.S.C. §§ 2001–2260 (1982)).

Plaintiff in this action filed a notice to take the deposition of James Kirk, President of the Farm Credit Bank of Omaha, the entity into which FICB has since been merged, and, in addition, served a *subpoena duces tecum* for the production of certain documents relating to FICB's relationship with and control over the defendant, especially its control over defendant's financial condition. The parties apparently agreed to depose Carla Timm, Executive Secretary of the Production Credit Association of the Midlands, as a substitute for James Kirk. At that deposition, defendant's counsel objected to the disclosure of several documents requested by the plaintiffs on the basis of "privilege."

Subsequent to the deposition of Carla Timm, the parties apparently discussed the inadequacy of Timm's deposition because of her lack of "sufficient corporate knowl-

edge to answer the questions regarding the requested documents and the relationship of the Farm Intermediate Credit Bank of Omaha to the Production Credit Association of Alliance." The parties then agreed to depose Gale Cameron, Chief Executive Officer of the Production Credit Association of the Midlands and President of the Federal Land Bank Association. At this deposition, defendant's counsel once again objected to the disclosure of specified documents on the basis of "privilege." Subsequent to that deposition, plaintiffs filed this motion to compel the production of the documents at issue in the Timm and Cameron depositions. In addition, the plaintiffs seek disclosure of an unedited copy of the minutes of the Board of Directors meetings of FICB and the minutes of the meetings of the Executive Committee of the Board of Directors of FICB for the relevant time period.

I first note that the basis of the "privilege" claimed by the defendant is not particularly clear. The defendant seems to be relying exclusively on the rules and regulations promulgated by the Farm Credit Administration (hereafter FCA) relating to the disclosure of the records of the FCA found at 12 C.F.R. § 602.200–§ 602.289 and 12 C.F.R. § 618.8300. For the following reasons I conclude that these regulations do not create the "privilege" contemplated by the defendants. Subpart A of these rules and regulations, § 602.200–§ 602.220, is a directive to *employees* of the Farm Credit Administration relating to disclosure of documents belonging to the FCA. Subpart B, § 602.250–§ 602.265, relates to requests for records from the public and is closely related to and in part identical to the Freedom of Information Act, 5 U.S.C.A. § 552. Indeed the provisions for "exempt records" in § 602.250(a)(1)–(8) are nearly identical to FOIA's list of exceptions at 5 U.S.C.A. § 552(b)(1)–(9) and determinations of compliance are made by the "Freedom of Information Officer," *see* § 602.261(a). Subpart C, § 602.280–§ 602.289, probably the most applicable sections for purposes of this case in that it relates to disclosure of documents in cases in which the FCA is not a party, again provides directives to employ-

ees of the FCA when such employee is requested to give testimony or produce FCA documents. § 602.289 relates to non-FCA employees in possession of "reports of examinations or such other reports generated or adopted by the FCA" and requires FCA consent prior to disclosure.

Even if these regulations are applicable to the documents requested by the plaintiff, I agree with the position of the plaintiff that agency rules and regulations cannot supplant the authority of the judicial branch to control discovery proceedings. *See, United States Steel Corp. v. Mattingly,* 89 F.R.D. 301, 303 (D.C.Colo.1980), *citing, United States v. Reynolds,* 345 U.S. 1, 73 S.Ct. 528, 97 L.Ed. 727 (1953).

The plaintiff asserts that the "privilege" upon which the defendant relies is the "deliberative process privilege" and that if in fact that is the correct basis for the privilege, the defendants have failed to meet the necessary conditions precedent to its invocation. Indeed, at least some of the arguments asserted by the defendant (Defendant's Brief at 18–19) in support of its claim of privilege, are the same arguments used to justify the need for the "deliberate process privilege," i.e., the government's need to protect the analysis, opinions, and recommendations of its policy-makers in order to insure frank and open discussions on the issues involved. (See discussion below).

The deliberative process privilege is based on the perceived need to encourage candor within the decision-making process by protecting predecisional communications from disclosure. As stated in *United States v. Nixon,* 418 U.S. 683, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974):

> Human experience teaches that those who expect public dissemination of their remarks may well temper candor with a concern for appearances and for their own interests to the detriment of the decision-making process.

*Id.* at 705, 94 S.Ct. at 3106. This and other concerns were more fully expressed in the opinion of *Coastal States Gas Corp. v. Department of Energy,* 617 F.2d 854 (D.C. Cir.1980), where the court said:

The privilege has a number of purposes: it serves to insure that subordinates within an agency will feel free to provide the decisionmaker with their uninhibited opinions and recommendations without fear of later being subject to public ridicule or criticism; to protect against premature disclosure of proposed policies before they have been finally formulated or adopted; and to protect against confusing the issues and misleading the public by dissemination of documents suggesting reasons and rationales for a course of action which were not in fact the ultimate reasons for the agency's action.

*Id.* at 866. To effectuate efficiency within the governmental decision-making process, the courts therefore created the limited deliberative process privilege to protect those communications which are both deliberative and predecisional. *Coastal States,* 617 F.2d at 866; *see also N.L.R.B. v. Sears, Roebuck & Co.,* 421 U.S. 132, 151, 95 S.Ct. 1504, 1516, 44 L.Ed.2d 29 (1975); *Resident Advisory Bd. v. Rizzo,* 97 F.R.D. 749 (E.D.Pa.1983); *United States v. Exxon Corp.,* 87 F.R.D. 624, 636 (D.D.C.1980).

 The privilege, however, is a limited privilege in several different ways. First, it is not an absolute privilege, but may be overcome by a strong showing of need on the part of the party seeking discovery. *Izaak Walton League of America v. Marsh,* 655 F.2d 346, 370 (D.C.Cir.), *cert. denied* 454 U.S. 1092, 102 S.Ct. 657, 70 L.Ed.2d 630 (1981); *Coastal States,* 617 F.2d at 868; *Resident Advisory Bd.,* 97 F.R.D. at 753. Second, it belongs only to the government; private parties can neither assert nor waive the privilege. *United States v. Reynolds,* 345 U.S. 1, 7, 73 S.Ct. 528, 531, 97 L.Ed. 727 (1953). Third, it applies only to that group of communications within the agency or department which can be characterized as being part of a deliberative process leading to a decision. *Coastal States,* 617 F.2d at 866–68. Finally, and most important to the present action, it exists only when raised by a formal claim of privilege, *lodged by the head of the department which has control over the matter,* after actual personal consider-

ation by that officer. *Reynolds,* 345 U.S. at 7–8, 73 S.Ct. at 531–32; *see also United States v. O'Neill,* 619 F.2d 222, 225 (3rd Cir.1980); *Association for Women in Science v. Califano,* 566 F.2d 339, 347 (D.C. Cir.1977); *Exxon Corp. v. Department of Energy,* 91 F.R.D. 26, 43–44 (N.D.Tex. 1981); *Resident Advisory Bd.,* 97 F.R.D. at 752–53.

The requirement that the privilege be invoked only by the head of the department after actual personal consideration has been promulgated to insure that the privilege remains a narrow privilege which is not indiscriminately invoked. As stated in *Coastal Corp. v. Duncan,* 86 F.R.D. 514 (D.Del.1980):

> Requiring the agency head to claim the privilege assures the Court, which must make the ultimate decision, that executive privilege has not been lightly invoked by the agency, *United States v. Reynolds, supra,* and that in the considered judgment of the individual with an overall responsibility for the administration of the agency, the documents withheld are indeed thought to be privileged.

*Id.* at 518. Thus, the courts have not permitted staff attorneys, especially those who are participating in the pending litigation, to assert the privilege on behalf of the agency. *Exxon Corp.,* 91 F.R.D. at 43–44; *see also, Pierson v. United States,* 428 F.Supp. 384, 395 (D.Del.1977).

Initially I note that this privilege is one belonging to the government and its agencies, and there is some question in this case whether the defendant or FICB is an agency of the government able to assert this privilege. Although I have doubts about the "government agency" status of these two entities, for the sake of argument I shall assume that such status exists.

 In this action, the depositions indicate that the only person asserting privilege as to the requested documents was counsel for the defendant. Defense counsel did not appear at those depositions on behalf of the deponents. The deponents themselves did not assert any privilege

with respect to the documents nor is there any evidence that either of them hold the required status to assert such a privilege. An assertion of the "deliberative process privilege" by defense counsel is wholly inadequate for the proper invocation of that privilege.

 In addition to the above mentioned procedural requirements for a formal claim of privilege, there are two further requirements. There must be a specific designation and description of the documents claimed to be privileged, *Black v. Sheraton Corp.*, 371 F.Supp. 97, 101 (D.D.C.1974); *Mobil Oil Corp. v. Department of Energy*, 520 F.Supp. 414 (N.D.N.Y.1981), and there must be a specification of precise and certain reasons for the need to preserve the confidentiality of the documents at issue. *Coastal Corp. v. Duncan, supra,* at 517–19; *Mobil Oil Corp. v. Department of Energy*, 102 F.R.D. 1 (N.D.N.Y. 1983). The defendant has failed to meet both of these requirements. The defendant's conclusional assertions as to its right to protect the documents at issue on the basis of privilege are wholly inadequate not only to invoke the privilege but also to demonstrate that they are properly within its coverage. I shall therefore order that the requested documents be disclosed by the FICB.

The plaintiffs also seek an order of this court requiring full disclosure of the complete board meeting minutes as they exist in their original form. Plaintiffs have apparently received excerpts of these minutes that related to discussions regarding plaintiffs' affairs.

Defendant has asserted that production of the documents at issue is governed by Rules 30 and 34 of the Federal Rules of Civil Procedure and that, pursuant to Rule 34, they had 30 days from service in which to respond to the requests for production of documents. While the defendant is correct in its interpretation of Rule 34, this is not a situation governed by that rule. These depositions and the accompanying *subpoena duces tecum* were served upon persons who were not parties to this action, and therefore, Rule 45 governs the production of documents. Rule 45 provides that

"[t]he person to whom the subpoena is directed may, within 10 days after the service thereof or on or before the time specified in the subpoena for compliance if such time is less than 10 days after service, serve upon the attorney designated in the subpoena written objection to inspection or copying of any and all of the designated material." The deponent failed to abide by the provisions of Rule 45, and defendant chose to wait for the day of the deposition to object to the disclosure of many of these documents.

 A witness served with a *subpoena duces tecum* under Rule 45 cannot ignore the subpoena on the basis that the documents are irrelevant or immaterial. 5A J. Moore & J. Lucas, *Moore's Federal Practice* § 45.03[6] (2nd Ed.1988). The proper avenue for challenging the subpoena is the filing of a motion to quash as provided in Rule 45(b). *Id.*

Defendant objects to full disclosure of the board of directors meeting minutes largely on the basis that the undisclosed portion is irrelevant. It is well established that relevance for purposes of discovery under the Federal Rules is construed more broadly than it is for purposes of trial. *See, Moore's Federal Practice, supra,* at § 45.07[1]; *Heat and Control, Inc. v. Hester Industries, Inc.*, 785 F.2d 1017, 1024 (Fed.Cir.1986). Given that the deponents, upon whom the duty fell to produce these documents, failed to file a motion to quash the subpoena or file written objections in a timely fashion, I shall order that the deponents comply with the subpoena and produce the complete minutes of the requested board meetings for inspection by the plaintiff.

IT THEREFORE HEREBY IS ORDERED:

1. The plaintiffs' motion to compel, filing 101, is granted and the deponents shall produce the subject documents within 10 days.

2. Each party shall bear its own expenses regarding this discovery matter.