Barbara SCOTT, Phyllis A. Stoneking, Maguerite Andersen, Iris R. Isaacs, Barbara DiCrease, Karen L. Vaughn, and Sherry L. Cooper, Plaintiffs,

v.

PPG INDUSTRIES, INC. and the International Chemical Workers' Union and its Local No. 45, Defendants.

Civ. A. No. 88–0021–W(S).

United States District Court, N.D. West Virginia.

March 31, 1992.

Patrick S. Cassidy, O'Brien, Cassidy & Gallagher, L.C., Wheeling, W. Va., and Stanley G. Burech, Burech & Sargus, St. Clairsville, Ohio, for plaintiffs.

C. David Morrison, Robert J. Schiavoni, Steptoe & Johnson, Clarksburg, W. Va., G. Charles Hughes, Moundsville, W. Va., for defendants.

## ORDER

CORE, United States Magistrate Judge.

On December 26, 1991, one of the defendants, PPG Industries (PPG), filed a Motion for an Order Compelling Discovery, seeking to compel a deponent, Equal Employment Opportunity Commission (EEOC) investigator Mark Lofstead, to answer questions as to which the deponent had asserted a deliberative process privilege. Although the plaintiffs did not file a response to this motion, the EEOC filed a response and Cross-Motions for Protective Order and for Permissive Intervention on January 14, 1992. By Order entered December 31, 1991, the Honorable Frederick P. Stamp, Jr., United States District Judge, referred these nondispositive motions to the under-signed United States Magistrate Judge for resolution. 28 U.S.C. § 636(b)(1)(A); Local Court Rule 4.01(c).

The plaintiffs in this civil action, female chemical analysts employed by PPG, allege that the defendants have discriminated against them in violation of Title VII of the Civil Rights Act of 1964 and the Equal Pay Act. In 1982 each of the plaintiffs filed a charge of sex discrimination under Title VII with the EEOC. The EEOC conducted an investigation, which in May 1986 resulted in a Determination in each case that there was reasonable cause to believe that the charges were true. Ultimately, the EEOC decided not to bring an action against PPG, and the plaintiffs themselves brought suit against PPG.

■ After this litigation commenced, PPG made a Freedom of Information Act (FOIA) request for copies of the EEOC files in this matter. Among other documents, PPG received some which the EEOC argues were improperly released. PPG then deposed the EEOC investigator who investigated the plaintiffs' charges, Mark Lofstead. At that deposition, PPG introduced the following twelve exhibits, as characterized by the EEOC:

Ex. 1: Letter of determination, dated December 11, 1974, *Cowgill v. PPG Co.*, Charge No. TDC9–CO27.

Ex. 2: Eleven charges of discrimination dated November 15, 1982.

Ex. 3: Letters of determination in charges listed in Exhibit 2.

Ex. 4: Memorandum from Mark Lofstead, EOS, to Eugene Nelson, Director of the Pittsburgh Area Office, and reviewed by Mr. Nelson on March 3, 1986.

Ex. 5: Handwritten draft of a letter of determination contained in Ex. 3.

Ex. 6: Notes Mr. Lofstead prepared for his own use in his attempts to conciliate one of the charges.

Ex. 7: Conciliation Case Analysis Sheet prepared by Mr. Lofstead in his own handwriting dated August 5, 1986; in addition, handwritten notes containing Mr. Lofstead's calculations of lost

wages for charging parties with no date provided.

Ex. 8: Mr. Lofstead's interview notes of Mel Montes, president of the International Chemical Workers Union, Local 45, dated January 31, 1986, along with notes by Mr. Lofstead analyzing Mr. Montes' response to issues raised in the charges.

Ex. 9: Final Conciliation Summary Sheet, dated August 4, 1986, prepared by Mr. Lofstead.

Ex. 10: Investigator's memorandum (analysis).

Ex. 11: Undated memorandum from Vincent Blackwood, EEOC Assistant General Counsel, to Charles Shanor, EEOC General Counsel.

Ex. 12: Undated memorandum from Spencer H. Lewis, Jr., EEOC Regional Attorney, to Eugene Nelson, regarding Charge No. 034–820174.

At Mr. Lofstead's deposition, the EEOC's attorney objected to any questions concerning exhibits 4 through 12, arguing that the documents are protected by the deliberative process privilege and were inadvertently released to PPG. PPG then moved to compel answers to those questions. Thereafter, the EEOC filed a response to PPG's motion to compel and filed a cross-motion seeking permissive intervention "for the limited purpose of prohibiting testimony in regard to privileged documents used in Mr. Lofstead's deposition," and a cross-motion for a protective order.

Under the circumstances presented herein, the EEOC has made out a sufficient case for permissive intervention pursuant to Fed.R.Civ.P. 24(b). As to the substance of the dispute, essentially three questions are involved in this case: is testimony regarding the documents at issue which reveals the deliberative process of the agency qualifiedly privileged; has the privilege been waived; and has PPG demonstrated a compelling need sufficient to overcome the qualified privilege.

Courts have cited three rationales for the deliberative process privilege: to protect frank and open communication within the agency, to prevent the premature disclosure of proposed policies, and to avoid confusing the issues and misleading the public by dissemination of documents suggesting reasons for a course of action which were not in fact the ultimate reasons for the agency's action. *Coastal States Gas Corp. v. DOE*, 617 F.2d 854, 866 (D.C.Cir.1980).

The documents in this case—personal notes and evaluations and interagency communications and critiques—fall squarely within the class of materials protected by the deliberative process privilege. The EEOC has conceded, as it must, that factual materials are not protected by the privilege and must be released. The balance of the impressions and evaluations contained in the documents, however, must be protected for the reasons outlined above. Thus, testimony by Mr. Lofstead regarding the documents which reveals the deliberative process of the agency is privileged as well.[1]

PPG argues, however, that the privilege is inapplicable in this case because it was improperly invoked. PPG cites *Resident Advisory Board v. Rizzo*, 97 F.R.D. 749 (E.D.Pa.1983) for the proposition that the deliberative process privilege must be invoked by the agency head, and not by the Government's litigation attorney. The problem with that argument is that *Rizzo*, like most of the cases which analyze the deliberative process privilege, concerns the release of *documents* which are allegedly privileged, rather than *testimony* about allegedly privileged documents as in this case. *See e.g., Resident Advisory Board v. Rizzo*, 97 F.R.D. 749 (E.D.Pa.1983); *Exxon Corp. v. DOE*, 91 F.R.D. 26 (N.D.Tex. 1981). Even if the requirement that the agency head consider allegedly privileged material and personally invoke the privilege makes sense with regard to documents, it is ludicrous to suggest that the agency head rather than the litigation at-

---

1. It should be noted at this point, however, that some of the EEOC's objections bordered on improperly refusing to disclose factual information. Although I find that the EEOC's objections were justified on the whole, the objections should have been more precise.

torney should be required to invoke the deliberative process privilege in a deposition.

Similarly, PPG asserts, based on *Rizzo,* that the EEOC should have provided an index and other information regarding the allegedly privileged material. As with the agency-head-assertion argument discussed above, such a requirement simply does not make sense where the allegedly privileged material is testimony rather than documents. In fact, the EEOC attached to its brief exhibits 4 through 12, which are the relevant documents. Thus, I find that the privilege was properly invoked in this case.

■ PPG also argues that even if the material would have otherwise been privileged, the EEOC waived that privilege by releasing the documents pursuant to an FOIA request. The EEOC responds that the release was inadvertent and has attached an affidavit to its brief by the individual who processed the FOIA request, Joel S. Prets. That affidavit asserts that it is EEOC policy not to release documents which reveal deliberative processes and therefore the disclosure was inadvertent. Thus, the EEOC argues that Mr. Lofstead's testimony concerning the documents which would reveal the deliberative process of the agency is privileged.

Although PPG cites several fact-specific cases from other jurisdictions, I am not convinced that the inadvertent release in this case was sufficient to constitute a waiver of the privilege. There is no indication that the EEOC was aware of the mistake until the deposition of Mr. Lofstead, and the EEOC reacted reasonably promptly thereafter. As to PPG's claim that the EEOC was careless in releasing the document, the affidavit of Joel S. Prets, the EEOC employee who released the records, indicates that it is the EEOC's policy not to release documents which disclose deliberative processes. I find, therefore, that the EEOC has not waived its privilege.

■ Finally, PPG argues that it has demonstrated a sufficient need to overcome the EEOC's privilege. Because the deliberative process privilege is a qualified privilege, it may be overcome if the party seeking disclosure can demonstrate sufficient need. Courts have used a four factor test in balancing the deliberative process privilege with the need of the party seeking disclosure: (1) the relevance of the evidence to the lawsuit, (2) the availability of alternative evidence on the same matters, (3) the government's role, if any, in the litigation, and (4) the extent to which disclosure would harm open and frank communication within the agency. *FTC v. Warner Communications, Inc.,* 742 F.2d 1156, 1161 (9th Cir.1984).

The first factor, relevance of the evidence, is slightly in PPG's favor. If the admissibility of the EEOC Determinations becomes an issue, then the testimony sought from Mr. Lofstead is arguably relevant under F.R.E. 803(8), although the whole issue risks becoming a mini-trial. The second factor weighs heavily in PPG's favor. There is no indication that PPG can obtain evidence equivalent to that sought from Mr. Lofstead from any other source.

The fourth factor, however, tips the balance in favor of the EEOC. If the EEOC's investigators, attorneys and other employees knew that their personal notes and observations, and internal communications and critiques would be subject to disclosure in virtually every employment discrimination case, then frank and open communication within the agency would clearly be hindered. This would defeat the very purpose of an agency such as the EEOC.

Thus, PPG has failed to demonstrate sufficient need to overcome the deliberative process privilege with regard to Mr. Lofstead's testimony.

Accordingly, it is ORDERED that PPG's Motion for an Order Compelling Discovery is denied, the EEOC's Cross–Motion for Permissive Intervention is granted, and the EEOC's Cross–Motion for a Protective Order for privileged deposition testimony regarding documents 4 through 12 is granted.

Within ten (10) days after being served with a copy of this Order, any party may serve and file written objections identifying the portions of the Order to which objection

is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. No party may thereafter assign as error a defect in the Order to which objection was not timely made. Rule 72(a), Fed.R.Civ.P.

The Clerk of the Court is directed to mail an authenticated copy of this Order to counsel of record.

