Sharon L. KING, Plaintiff-Appellee,

v.

INTERNAL REVENUE SERVICE and Jerome Kurtz, Commissioner, Internal Revenue Service, Defendants-Appellants.

No. 81–3041.

United States Court of Appeals, Seventh Circuit.

Argued June 3, 1982.

Decided July 28, 1982.

Rehearing Denied Sept. 13, 1982.

Stephen J. Gray, U. S. Dept. of Justice, Tax Div., Washington, D. C., for defendants-appellants.

Richard M. Lipton, Isham, Lincoln & Beale, Chicago, Ill., for plaintiff-appellee.

* The Honorable Robert A. Grant, Senior Judge of the United States District Court for the Northern District of Indiana, is sitting by designation.

1. The IRS filed a timely notice of appeal from the district court's July 2, 1981 order requiring it to disclose the documents it claimed were

Before CUMMINGS, Chief Judge, BAUER, Circuit Judge, and GRANT,* Senior District Judge.

BAUER, Circuit Judge.

This appeal presents a question of first impression in this circuit: whether an Internal Revenue Service (IRS) document labeled "draft technical memorandum" is exempted from disclosure under the Freedom of Information Act, 5 U.S.C. § 552. The district court held that the document was not exempted from disclosure and ordered the IRS to disclose it to plaintiff-appellee Sharon L. King. We reverse.

I

King requested the district court to enjoin the IRS from refusing to disclose approximately one hundred documents from Revenue Ruling and Treasury Regulation files. She alleged that the requested documents were subject to release under the Freedom of Information Act. The IRS contended that some of the documents were exempted from disclosure under 5 U.S.C. § 552(b)(5) and that the other documents were protected from disclosure by 26 U.S.C. § 6103. The parties filed cross-motions for summary judgment, and the IRS submitted some of the documents for in camera inspection.

On July 2, 1981, the district court ordered the IRS to disclose thirty-four of the requested documents. On July 13, 1981, the IRS filed a timely motion for reconsideration concerning the document labeled "draft technical memorandum." It filed the document for in camera inspection on July 16, 1981. The district court denied the IRS' motion for reconsideration on October 27, 1981, but stayed enforcement of the disclosure order pending appeal.[1]

exempted from disclosure under 26 U.S.C. § 6103. The IRS later filed a notice of appeal from a district court order entered December 8, 1981, requiring the IRS to disclose an additional document it asserted was exempted from disclosure under § 6103. These two appeals were consolidated and were taken under ad-

The IRS contends on appeal that the draft technical memorandum is exempted from disclosure by the deliberative process privilege incorporated in 5 U.S.C. § 552(b)(5). We agree, and, accordingly, we reverse the judgment of the district court.

## II

King sought discovery of the draft technical memorandum pursuant to subsections (a)(2) and (a)(3) of the Freedom of Information Act, which require government agencies to make final opinions and statements of policy available for public inspection unless the documents are exempted from disclosure by subsection (b) of the Act. 5 U.S.C. § 552(a)(2), (3). Subsection (b) lists nine exemptions. 5 U.S.C. § 552(b). Exemption 5, the only exemption at issue in this case, exempts from disclosure "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). Courts have construed exemption 5 to exempt from disclosure documents which are protected from civil discovery under the attorney-client privilege. *Mead Data Central, Inc. v. Air Force*, 566 F.2d 242 (D.C.Cir. 1977), the attorney work-product privilege, *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 95 S.Ct. 1504, 44 L.Ed.2d 29 (1975), and the executive, deliberative process privilege, *EPA v. Mink*, 410 U.S. 73, 93 S.Ct. 827, 35 L.Ed.2d 119 (1973). The IRS contends that the draft technical memorandum is exempted from disclosure under the deliberative process privilege.

▮ The deliberative process privilege exempts " 'all papers which reflect the agency's group thinking in the process of working out its policy and determining what its law shall be.' " *NLRB v. Sears, Roebuck & Co.*, 421 U.S. at 153, 95 S.Ct. at 1517, *quoting* Davis, *The Information Act: A Preliminary Analysis*, 34 U.Chi.L.Rev. 761, 797 (1967). The privilege

serves to assure that subordinates within an agency will feel free to provide the

decisionmaker with their uninhibited opinions and recommendations without fear of later being subject to public ridicule or criticism; to protect against premature disclosure of proposed policies before they have been finally formulated or adopted; and to protect against confusing the issues and misleading the public by dissemination of documents suggesting reasons and rationales for a course of action which were not in fact the ultimate reasons for the agency's action.

*Coastal States Gas Corp. v. DOE*, 617 F.2d 854, 866 (D.C.Cir.1980). Documents written before a final agency decision on an issue are privileged, *NLRB v. Sears, Roebuck & Co.*, 421 U.S. at 151–52, 95 S.Ct. at 1516–1517, because they "reflect the agency 'give-and-take' leading up to a decision that is characteristic of the deliberative process." *Taxation Without Representation Fund v. IRS*, 646 F.2d 666, 677 (D.C.Cir.1981). Generally, draft documents are considered predecisional and are exempted from disclosure if they are deliberative in nature. *Coastal States Gas Corp. v. DOE*, 617 F.2d 866; *see also Arthur Andersen & Co. v. IRS*, 679 F.2d 254 at 257 (D.C.Cir.1982). The government bears the burden of proving what deliberative process was involved *and* what role the document played in that process. 5 U.S.C. § 552(a)(4)(B); *Coastal States Gas Corp. v. DOE*, 617 F.2d at 868.

The 76-page document at issue in this appeal is labeled "draft technical memorandum." It is dated September 2, 1971, but does not indicate by whom it was authored. The document does indicate, however, that it was written at the request of a Deputy Assistant Secretary to the Acting IRS Commissioner. It was written to discuss the policy and administrative reasons for Treasury Regulation § 1.167(a)–11, which the IRS adopted in final form two months before the draft memorandum was written. The document states:

This technical memorandum is being written after publication of the Treasury decision on the ADR regulations in re-

visement on January 20, 1982. *King v. IRS*,

Nos. 81–2137, 81–3081 (argued Jan. 20, 1982).

sponse to a request dated June 28, 1971, by Deputy Assistant Secretary John S. Nolan to the Acting Commissioner. The purpose of this Technical memorandum is to discuss the application of the regulations and to state the policy or administrative reasons for particular provisions of the regulations, particularly where changes were made from the proposed regulations. It is anticipated that the technical memorandum may become the basis of a manual supplement to provide guidance for Agents and for answering interpretative questions arising out of the regulations.

The IRS stipulated that the discussion of technical memoranda contained in *Taxation Without Representation Fund v. IRS*, 646 F.2d at 671–72, accurately describes the function of the draft technical memorandum at issue in this case. According to *Taxation Without Representation Fund*, technical memoranda are typically authored by an IRS staff attorney. *Id.* at 671. They are then reviewed and approved, in turn, by the staff attorney's supervisor, the Chief Counsel, the Assistant Commissioner (Technical), and the Commissioner of the IRS before they are submitted as final to the Assistant Secretary of the Treasury (Tax Policy). *Id.* They are usually drafted in connection with a proposed Treasury Regulation to help IRS decision makers determine whether the proposed regulation should be adopted. *Id.*

> Generally, however, a [technical memorandum] summarizes or explains the proposed rule, provides background information, states the issues involved, identifies any controversial legal or policy questions, discusses the approach taken by the draftsperson, and gives the reasons for that approach.

*Id.*

The IRS contends that the draft technical memorandum is exempted from disclosure under the deliberative process privilege. It argues that the document was drafted by an IRS subordinate to assist agency decisionmakers in deciding whether to issue an agency explanation of Treasury Regulation

§ 1.167(a)–11. After searching its files, the IRS has been unable to find any subsequent drafts of the memorandum or a final memorandum approved by agency officials with the authority to do so. The IRS, therefore, concludes that it must have decided not to issue an official explanation. Thus, it argues that any draft memoranda were necessarily predecisional and deliberative.

King disagrees. She contends that the draft technical memorandum is post-decisional because it was drafted *after* Treasury Regulation § 1.167(a)–11 was adopted. King argues that the document states the IRS' position on § 1.167(a)–11, and, thus, it is neither predecisional nor deliberative. *See Taxation Without Representation Fund v. IRS*, 646 F.2d at 677.

■ We agree with the IRS. Technical memoranda are prepared by the IRS for transmittal to the Assistant Secretary of the Treasury (Tax Policy). *Taxation Without Representation Fund v. IRS*, 646 F.2d at 671. They are initially drafted by staff attorneys and must be approved by several agency officials before they are reviewed by the IRS Commissioner. *Id.* Those that are not so approved are predecisional. *Id.* at 681; *Pies v. IRS*, 668 F.2d 1350, 1353 (D.C.Cir.1981). The draft technical memorandum was written by someone at the request of a Deputy Assistant Secretary to the Acting IRS Commissioner, but there is no indication that the Deputy ever received the document or that anyone with authority ever approved it. On the basis of the record before us, we can only conclude that some staff attorney lacking authority to bind the IRS drafted the memorandum. Because the IRS has been unable to find a final memorandum, we can only further conclude that the IRS ultimately decided not to prepare any official comment on the Regulation. The draft document, therefore, was predecisional and deliberative, and it is exempted from disclosure.

### III

"A document that is predecisional at the time of preparation may lose exempt status if [it is] 'adopted, formally or informally, as

the agency position on an issue or is used by the agency in its dealings with the public.'" *Taxation Without Representation Fund v. IRS,* 646 F.2d at 678 *quoting Coastal States Gas Corp. v. DOE,* 617 F.2d at 866. King contends that this document lost its exempt status when the IRS retained the document in an agency file. King argues that the IRS personnel have access to the document and may rely on the draft memorandum as an official explanation of the Treasury Regulation. Therefore, she concludes that the IRS has informally adopted the draft as its "working law." *NLRB v. Sears, Roebuck & Co.,* 421 U.S. at 153, 95 S.Ct. at 1517.

A predecisional document is not magically stripped of its exempt status merely because the agency retains it on file. *Arthur Andersen & Co. v. IRS,* 679 F.2d 254, at 259 (D.C.Cir.1982); *Pies v. IRS,* 668 F.2d at 1353–54; *Brinton v. Dept. of State,* 636 F.2d 600, 605 (D.C.Cir.1980), *cert. denied,* 452 U.S. 905, 101 S.Ct. 3030, 69 L.Ed.2d 405 (1981). If that were so, the agency would be required to disclose all predecisional documents in its possession, making subsection (b)(5)'s deliberative process privilege a nullity. A deliberative document loses its exempt status only if it is subsequently cited in agency documents or relied on as an accurate statement of agency law. *Brinton v. Dept. of State,* 636 F.2d at 605; *see also Taxation Without Representation Fund v. IRS,* 646 F.2d at 683. Nothing in the record before this court indicates that the IRS has informally adopted this draft document as its "working law."

### IV

The draft technical memorandum is exempted from disclosure by the deliberative process privilege, 5 U.S.C. § 552(b)(5). The judgment of the district court ordering the IRS to disclose this document is

REVERSED.