**Nawal BADRAN, Plaintiff,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Defendant.**

**No. 86 C 2246.**

United States District Court,
N.D. Illinois, E.D.

Feb. 6, 1987.

David Rubman, Susan Schreiber, Carlos Cuevas, Legal Assistance Foundation of Chicago, Chicago, Ill., for plaintiff.

Anton R. Valukas, U.S. Atty., James P. White, Asst. U.S. Atty., Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

BRIAN BARNETT DUFF, District Judge.

This action under the Freedom of Information Act ("FOIA"), 5 U.S.C. §§ 552–552b, comes before the court on plaintiff Nawal Badran's motion for summary judgment against defendant United States Department of Justice.

### FACTS

The fact are undisputed. The Immigration and Naturalization Service ("INS") began deportation proceedings against plaintiff in June, 1985, for overstaying her visa. In May, 1986, an immigration judge denied her request for political asylum and ordered her to leave the country voluntarily. Plaintiff appealed that decision and is awaiting a ruling. Plaintiff filed a FOIA request on October 25, 1985, seeking copies of all documents in her immigration file. The INS withheld portions of certain documents, and plaintiff brought this action to compel disclosure. All or parts of three documents remain disputed.

The first of these documents is a single sheet captioned "Application for Order to Show Cause and Bond Custody Processing Sheet" ("Application"), which contains or refers to the information that an INS official expressly relied on in setting plaintiff's bond. The INS has withheld from the Ap-

plication 19 words summarizing an investigator's opinions about plaintiff's conduct and her flight risk, on the ground that disclosure would invade the agency's deliberative process privilege, derived from 5 U.S.C. § 552(b)(5).

The second document is entitled "Record of Deportable Alien" and, according to a legend at the top of the "Application", must be attached to the Application. The Record of Deportable Alien contains administrative information about plaintiff, as well as a "narrative" by an INS investigator. (The Application refers readers to this narrative in listing the information considered in setting plaintiff's bond.) The narrative summarizes factual aspects of plaintiff's file, reports the solicitation and receipt of legal advice from an INS attorney, and describes the investigator's visit to plaintiff's residence.

The INS has withheld those portions of the narrative that report its investigator's consultation with an INS attorney and describe his visit to plaintiff's residence. It argues that the attorney-client privilege shields the report of the consultation, and that the deliberative process privilege shields both that report and the description of the visit.

The third document is entitled "Report of Investigation." It consists of a cover sheet, a synopsis page, and a two-page report of the INS investigator's ·visit to plaintiff's home. The INS has withheld this document in its entirety on the ground that it contains information compiled for law enforcement purposes whose release would interfere with enforcement proceedings, 5 U.S.C. § 522(b)(7)(A).[1]

## DISCUSSION

I. *Application for Order to Show Cause and Bond Custody Processing Sheet.*

The final section of the Application contains the words, "Based on the above information I have set the following bond

$2,500.00." Below this is the signature of an INS official. Plaintiff argues that because the INS expressly relied on the withheld information in taking a final agency action—setting plaintiff's bond—it cannot assert the deliberative process privilege.

The FOIA exempts from disclosure "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with an agency." 5 U.S.C. § 522(b)(5). Courts have interpreted this as codifying a pre-existing deliberative process privilege, which shields discussions among policymakers about prospective agency action in order to ensure a frank exchange of ideas. *EPA v. Mink*, 410 U.S. 73, 86–87, 93 S.Ct. 827, 835–836, 35 L.Ed.2d 119 (1973).

An exception to this privilege applies when a "predecisional" document " 'is adopted, formally or informally, as the agency position on an issue or is used by the agency in its dealings with the public,' " *King v. IRS*, 684 F.2d 517, 520–21 (7th Cir.1982), quoting *Coastal States Gas Corp. v. Department of Energy*, 617 F.2d 854, 866 (D.C.Cir.1980).

█ The INS points out that this exception applies only to *final* agency decisions, *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 153–54, 95 S.Ct. 1504, 1517–18, 44 L.Ed.2d 29 (1975), and argues that its decision on the amount of plaintiff's bond was not final because it was reviewable by an immigration judge. But because immigration judges are independent from the INS, and no review of plaintiff's bond occurred within the INS, that agency's decision to set plaintiff's bond at $2,500 did constitute a final agency action. The deliberative process privilege does not protect the information on which the INS expressly relied in taking this final action, so the INS must disclose the withheld portion of the "Application".

---

**1.** During the court's in camera examination of the three documents, the INS suggested that it has withheld them at least in part because it suspects plaintiff of using the FOIA to obtain otherwise unavailable discovery for her immigration case. Because the INS has neither supported its speculation nor made it a matter of record, it would be inappropriate for the court to address this concern.

## II. *Record of Deportable Alien.*

Although the Application indicates that the INS expressly relied on the narrative portion of the Record of Deportable Alien in setting plaintiff's bond, plaintiff does not offer this as a basis for challenging the INS's decision to withhold the narrative. Rather, she argues that the INS has not properly asserted the attorney-client privilege, and that the deliberative process privilege does not shield the summary of the investigator's visit to plaintiff's residence because the summary is factual in nature.

The court has inspected the Record of Deportable Alien, and finds that the attorney-client privilege does apply to that portion of the narrative reporting the investigator's consultation of an INS attorney. The reported communications were between an attorney and her client for the purpose of rendering legal advice, and there is no evidence that either the communications or the report were disseminated outside the INS. Accordingly, the INS may withhold the ninth, tenth, and eleventh sentences of the narrative, immediately following the words "in her file," and immediately preceeding the word "Additionally".

The deliberative process privilege shields only the final four words of the narrative's penultimate sentence. With the exception of those words, the portion of the narrative withheld by the INS contains strictly factual information, and not the opinions or ideas of INS officials. By their nature, these strictly factual passages cannot fall within a privilege that protects *deliberative* communications. *See EPA v. Mink,* 410 U.S. at 89–90, 93 S.Ct. at 837.

## III. *Report of Investigation.*

The FOIA exempts from disclosure "investigatory records compiled for law enforcement purposes, but only to the extent that the production of such records would (A) interfere with enforcement proceedings." 5 U.S.C. § 522(b)(7)(A). The INS concedes that no pending or contemplated enforcement proceeding would be endangered by release of the Report of Investigation. It argued in camera, however, that it may withhold the Report of Investigation because it contains information that the INS could use against a person who might some day violate immigration laws.

This positon is bewildering and indefensible. An agency may not assert the "enforcement proceedings" exception to the FOIA "when there is no enforcement proceeding then pending or contemplated." *Coastal States Gas Corp. v. Department of Energy,* 617 F.2d 854, 870 (D.C.Cir. 1980). *See also NLRB v. Robbins Tire & Rubber co.,* 437 U.S. 214, 230–32, 98 S.Ct. 2311, 2321–22, 57 L.Ed.2d 159 (1978). No court has ever held to the contrary. If an agency could withhold information whenever it could imagine circumstances where the information might have some bearing on some hypothetical enforcement proceeding, the FOIA would be meaningless; all information could fall into that category. The INS must disclose the Report of Investigation.

### CONCLUSION

Plaintiff's motion for summary judgment is granted with respect to all of the withheld portions of the Application and the Report of Investigation, and so much of the withheld portion of the Record of Deportable Alien as this court has found subject to neither the attorney-client privilege nor the deliberative process privilege.

IT IS SO ORDERED.