K.L., L.F., and R.B., on behalf of them-selves and all persons similarly sit-uated, Plaintiffs,

v.

Jim EDGAR, Governor of the State of Illinois, and Ann Patla, Director of the Illinois Department of Mental Health and Developmental Disabilities, Defen-dants.

No. 92 C 5722.

United States District Court,
N.D. Illinois,
Eastern Division.

May 16, 1997.

Steven Ross Gilford, Anne K. Lewis, Suzanne Rubens Kanter, Joseph A. Starkman, Jeffrey W. Sarles, Mayer, Brown & Platt, Chicago, IL, Roger Pascal, Michael Neil Lloyd, Lisa Ann Brown, Schiff, Hardin & Waite, Chicago, IL, Colleen K. Connell, Harvey Michael Grossman, Benjamin S. Wolf, Susan Gail Wishnick, Roger Baldwin Foundation of ACLU, Inc., Chicago, IL, Herbert A. Eastman, Roger Baldwin Foundation of ACLU, Inc., St. Louis, MO, Adam D. Schwartz, American Civil Liberties Union, Chicago, IL, Ira James Belcove, Butler, Rubin, Saltarelli & Boyd, Chicago, IL, for K.L., L.F., R.B.

Joel Gerald Chefitz, Timothy J. Patenode, Kenneth Michael Kliebard, Laura A. O'Connell, Jeffrey G. Close, Robert C. Kimmeth, Katten, Muchin & Zavis, Chicago, IL, for Jim Edgar.

Joel Gerald Chefitz, Timothy J. Patenode, Paul A. Haskins, Vesper Mei, Thomas J. Meier, Laura A. O'Connell, Jeffrey G. Close, Katten, Muchin & Zavis, Chicago, IL, for Ann Patla.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Before the court are plaintiffs' motion to compel discovery and defendants' renewed countermotion for a protective order on privileged and irrelevant documents. For the reasons that follow, the court grants in part and denies in part both motions.

## I. BACKGROUND

Plaintiffs seek 179 documents that are listed on defendants' privilege log but that plaintiffs claim nonetheless should be disclosed. Defendants claim that the bulk of these documents fall under the deliberative process, or executive, privilege, and that the remainder are protected by the attorney-client privilege or work product doctrine.

## II. DISCUSSION

### A. Judge Duff's prior rulings

Plaintiffs contend that Judge Duff, to whom this case was assigned until late last year, ordered defendants to produce the documents now at issue on two separate occasions. Defendants dispute this contention. Plaintiffs have presented no written or oral orders of Judge Duff that clearly addressed precisely the issues now before the court. The court finds that Judge Duff did not make any prior rulings on the issues now before the court that were sufficiently clear and definite to become the law of the case. Consequently, the court will address the merits of the parties' motions.

### B. The deliberative process privilege

■ The deliberative process privilege, also known as the executive privilege, protects communications that are part of the decision-making process of a governmental agency. *United States v. Farley*, 11 F.3d 1385, 1389 (7th Cir.1993) (citing *National Labor Relations Board v. Sears, Roebuck & Co.*, 421 U.S. 132, 150–52, 95 S.Ct. 1504, 1516–17, 44 L.Ed.2d 29 (1975)). The privilege "serves to protect the quality of the flow of ideas within a government agency." *United States v. Board of Educ. of the City of Chicago*, 610 F.Supp. 695, 697–98 (N.D.Ill. 1985) (citing *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 866 (D.C.Cir. 1980)). That is, it

> serves to assure that subordinates within an agency will feel free to provide the decisionmaker with their uninhibited opinions and recommendations without fear of later being subject to public ridicule or criticism; to protect against premature disclosure of proposed policies before they have been finally formulated or adopted;

and to protect against confusing the issues and misleading the public by dissemination of documents suggesting reasons and rationales for a course of action which were not in fact the ultimate reasons for the agency's action.

*King v. Internal Revenue Service*, 684 F.2d 517, 519 (7th Cir.1982) (quoting *Coastal States*, 617 F.2d at 866).

■ Because the deliberative process privilege exists to protect the governmental decision-making process, a document is protected under the privilege only if it is "'pre-decisional'—generated before the adoption of an agency policy—and 'deliberative'—reflecting the give and take of the consultative process." *Continental Illinois Nat'l Bank & Trust Co. of Chicago v. Indemnity Ins. Co. of N. America*, No. 87 C 8439, 1989 WL 135203, *2 (N.D.Ill. Nov. 1, 1989) (citing *Board of Educ. of the City of Chicago*, 610 F.Supp. at 698; *Coastal States*, 617 F.2d at 866). *See also Sears*, 421 U.S. at 150, 95 S.Ct. at 1516 (deliberative process privilege protects from disclosure documents reflecting advisory opinions, recommendations, and deliberations comprising the process by which governmental decisions and policies are formulated). The privilege does not extend to factual or objective material or to documents that the agency adopts as its position on an issue. *Continental Illinois*, 1989 WL 135203, *2 (citing *Environmental Protection Agency v. Mink*, 410 U.S. 73, 87–89, 93 S.Ct. 827, 836–37, 35 L.Ed.2d 119 (1973); *Sears*, 421 U.S. at 151–52, 95 S.Ct. at 1516–17).

■ When the deliberative process privilege applies, it is qualified, rather than absolute, and "can be overcome if the party seeking discovery shows sufficient need for the otherwise privileged material." *Board of Educ. of the City of Chicago*, 610 F.Supp. at 698 (citing *Resident Advisory Board v. Rizzo*, 97 F.R.D. 749, 752 (E.D.Pa.1983)). Moreover, "since the benefits are '"at best indirect and speculative,"' [the privilege] must be strictly confined "within the narrowest possible limits consistent with the logic of [its] principles." '" *Board of Education of the City of Chicago*, 610 F.Supp. at 698 (quoting *Rizzo*, 97 F.R.D. at 752 (quoting *In re Grand*

*Jury Investigation,* 599 F.2d 1224, 1235 (3d Cir.1979))).

■ Thus, the court undertakes a two-step procedure in deciding whether the deliberative process privilege operates to protect government documents from disclosure. First, the court decides whether the government has shown that the privilege applies to the documents the government seeks to protect. For the government to satisfy this first step, three things must happen: (1) the department head with control over the matter must make a formal claim of privilege, after personal consideration of the problem; (2) the responsible official must demonstrate, typically by affidavit, precise and certain reasons for preserving the confidentiality of the documents in question; and (3) the official must specifically identify and describe the documents. *Board of Educ. of the City of Chicago,* 610 F.Supp. at 698 (citing *Rizzo,* 97 F.R.D. at 752–53). *See also In re Consol. Litig. Concerning Int'l Harvester's Disposition of Wisconsin Steel,* Nos. 81 C 7076, 82 C 6895, and 85 C 3521, 1987 WL 20408, *8 (N.D.Ill. Nov. 20, 1987) (citing *King,* 684 F.2d at 519; *United States Dep't of Energy v. Brett,* 659 F.2d 154, 155 (Temp.Emer.Ct.App. 1981), *cert. denied sub nom. Cotton Petroleum Corp. v. Edwards,* 456 U.S. 936, 102 S.Ct. 1992, 72 L.Ed.2d 456 (1982); *Coastal States,* 617 F.2d at 858, 861; *Mobil Oil Corp. v. Dep't of Energy,* 102 F.R.D. 1, 7–8 (N.D.N.Y. 1983)) (government agency may meet its burden of showing that deliberative process should apply by providing enough information to the court about each document to demonstrate why document should fall within privilege and to enable court to strike balance between confidentiality and needs of litigant).

■ If the government meets its threshold burden of showing that the privilege applies, the litigant has the burden of showing that it has a particularized need for the documents. *See Farley,* 11 F.3d at 1389. The court then balances the litigant's need for disclosure against the government's need for secrecy, considering such factors as (1) the relevance of the documents to the litigation; (2) the availability of other evidence that would serve the same purpose as the documents sought; (3) the government's role in the litigation; (4) the seriousness of the litigation and the issues involved in it; and (5) the degree to which disclosure of the documents sought would tend to chill future deliberations within government agencies, that is, would hinder frank and independent discussion about governmental policies and decisions. *Id.; International Harvester,* 1987 WL 20408, *7 (citing *In re Franklin Nat'l Bank Securities Litig.,* 478 F.Supp. 577, 583 (E.D.N.Y.1979)) (other citations omitted); *Brock v. Weiser,* No. 86 C 2129, 1987 WL 12686, *1 (N.D.Ill. June 15, 1987) (citing *Federal Trade Comm'n v. Warner Communications, Inc.,* 742 F.2d 1156, 1161 (9th Cir.1984)).

Ordinarily, the court would carry out the first step before proceeding to the second step. However, the court finds that with respect to all of the documents that defendants claim are privileged, plaintiffs clearly have failed to meet their burden in the second step. Plaintiffs contend that the documents are relevant to their case, but that is only part of their burden. *See Farley,* 11 F.3d at 1390 ("relevance alone is an insufficient reason for breaching the deliberative process privilege"). If any of the documents at issue are privileged, plaintiffs must show that they have a particularized need for the privileged documents that outweighs defendants' interest in not disclosing them. *See id.* at 1389–90.

Yet, plaintiffs have not attempted to show that they have any particularized need for the documents. For example, plaintiffs have not claimed that they cannot obtain the same or similar information as that contained in the documents from any other sources. In fact, in their response to defendants' countermotion, plaintiffs state that they intend to call a witness at trial who could testify about information contained in some of the allegedly privileged documents. (*See* Pls.' Resp. to Defs.' Renewed Countermotion for Protective Order at 9.) This indicates that plaintiffs can obtain at least some of the information contained in the allegedly privileged documents from another source.

In short, plaintiffs have not met their burden of establishing a particularized need for the documents at issue. Thus, the only question remaining is which documents, if any, fall within the scope of the deliberative process privilege. Defendants bear the burden on this issue.

As a preliminary matter, the court notes that defendants technically have failed to comply with the requirements for meeting their threshold burden for the following documents: [1]

100, 142, 145, 146, 164, 352, 395, 435, 440, 466, 521, 589, 637, 671, 708, 709, 711, 716, and 752. With respect to these documents, no agency or department head or other person with control over the matters raised by the documents formally claimed, after personal consideration of the problem, that the documents are privileged; demonstrated, by affidavit or otherwise, precise and certain reasons for preserving the confidentiality of the documents; or specifically identified and described the documents. *See Board of Educ. of the City of Chicago*, 610 F.Supp. at 698 (citing *Rizzo*, 97 F.R.D. at 752–53).

However, defendants presented all of the documents that they claim are privileged to the court for an *in camera* inspection, and by examining each document, the court was able to determine the nature of the claim of privilege and the reasons for preserving the confidentiality of each document. Thus, despite that the foregoing documents were not mentioned in the three affidavits submitted by various department heads in support of defendants' countermotion for a protective order, defendants have provided sufficient information to enable the court to determine whether or not the documents should be protected by the deliberative process privilege.

The court finds that defendants have demonstrated that the deliberative process should apply to the following documents. Thus, to the extent that the following documents reflect advisory opinions, recommendations, projections, proposals, and/or deliberations that constitute parts of governmental decision- and policy-making processes, the following documents are, protected by the deliberative process privilege, except as expressly limited by the court:

100, 107, 111, 112, 118, 119, 120, 124, 132, 133, 134, 135, 142, 144, 145, 146, 164, 174, 179, 180, 184, 191, 197, 204, 212, 231, 232, 235, 238, 253, 254, 255, 259, 261, 262, 268, 296, 317, 318, 319, 320, 321, 322, 325, 326, 331, 343, 344, 349, 350, 351, 352, 353, 365, 367, 371, 373, 384, 387 (except D461722–23, which are purely factual), 390, 393, 394, 395 (except D461832, D461835–39, which are purely factual), 396, 398, 407, 408, 409, 410, 412, 413, 414, 424, 425, 426, 427, 428, 430, 431, 432, 433, 434, 435, 436, 437, 438, 440, 441, 442, 444, 445, 465, 466, 475, 476, 481, 482, 483, 484, 486 (except D467695, which is a public news release, and all purely factual information regarding staffing, layoffs, etc.), 488, 511, 512, 515, 517, 519, 521, 525, 527, 528, 529, 530, 538, 540, 541, 542, 543, 545, 546, 547, 554, 555, 556, 564, 573, 577, 584, 586, 592, 593, 595 (except D472529–30, which are purely factual), 598, 601, 603, 604, 615 (except D476719–22, D476725–33, which are purely factual), 618 (except D476824–45, which are purely factual), 621 (except D476875–80 (with handwritten notes redacted), which are purely factual), 622 (except D476885, D476888–96, which are purely factual), 623 (except D476901–02, which are purely factual), 624, 633, 637, 639, 648, 650, 659, 680, 683, 686, 688, 689, 691, 692, 693, 700, 708, 709, 710 (except D475100–03, which are purely factual), 711, 716, 719, 729, 730, 733, 734, 746, 747, and 751 (except D473379–90, which are purely factual).

In addition to the exceptions expressly noted by the court above, the foregoing documents are not protected to the extent that they contain any other purely factual or objective information, such, as past budget information, staff, patient, or layoff counts, or other historical or statistical information. Moreover, the documents are not protected to the extent that defendants limited their protection request in Attachment A to their renewed countermotion for a protective or-

---

1. The number used to identify each document is the privilege number assigned to the document on defendants' privilege log.

der. For example, on pages 18–20 of Attachment A, defendants set forth specific parts of documents that they wish to be protected, thereby leaving other parts subject to disclosure.

■ The court finds that documents 363, 473, 589, 671, and 752 are not protected by the deliberative process privilege. Documents 363, 589, 671, and 752 are purely factual or objective, and not deliberative; and document 473 expresses a final decision of the Bureau of the Budget and thus is not deliberative. Accordingly, defendants must produce these documents to plaintiffs.

**C. Work product and attorney-client privileges**

■ The work product privilege protects documents prepared by or for a party or a party's representative in anticipation of litigation. FED.R.CIV.P. 26(b)(3). Like the deliberative process privilege, the work product privilege is qualified. Documents covered by the privilege are discoverable if the party seeking disclosure demonstrates a substantial need for the documents that cannot be satisfied through other means without undue hardship. *Id.* However, the "mental impressions, conclusions, opinions, or legal theories of an attorney," FED.R.CIV.P. 26(b)(3), are " 'nearly absolute[ly]' " protected, and " 'can be discovered only in very rare and extraordinary circumstances.' " *Board of Educ. of the City of Chicago,* 610 F.Supp. at 701 (quoting *In re Murphy,* 560 F.2d 326, 336 (8th Cir.1977)) (other citations omitted).

■ The attorney-client privilege protects communications between an attorney and his or her client. The party invoking the privilege must establish that the documents were communications that (1) concerned the seeking of legal advice; (2) were between the client and an attorney acting in his or her professional capacity; (3) were related to legal matters; and (4) at the client's insistence, are permanently protected. *Federal Trade Comm'n v. Shaffner,* 626 F.2d 32, 37 (7th Cir.1980).

Defendants raise the attorney-client privilege and/or work product doctrine as to the following documents: 89, 107, 128, 153, 157, and 419. The court finds that document 89 is protected by the attorney-client privilege, and documents 153, 157, and 419 are protected by the work product doctrine. As with the deliberative process privilege, plaintiffs have made no showing of a substantial need for documents 153, 157, and 419 that cannot be satisfied through other means without undue hardship.

The court finds that document 107 is not covered by the attorney-client privilege because it is not a communication between client and attorney; however, the court already has found that this document is protected under the deliberative process privilege and therefore need not be disclosed.

The court finds that document 128 is not protected by the work product doctrine because nothing on its face or in any other submission by defendants indicates that it was prepared in anticipation of litigation. Defendants must produce this document to plaintiffs.

**III. CONCLUSION**

The court grants in part and denies in part plaintiffs' motion to compel discovery and defendants' renewed countermotion for a protective order as follows:

Defendants must produce documents 128, 363, 473, 589, 671, and 752 to plaintiffs, as well as any portion of documents excepted from privilege as set forth in this opinion and order. The remaining documents listed in defendants' supplemental privilege log are protected from disclosure as set forth in this opinion and order.