Ernest R. JUMPER, Plaintiff,

v.

YELLOW CORPORATION, Yellow Freight Systems, Inc., and Peter Andreides, Defendants.

No. 96 C 4418.

United States District Court, N.D. Illinois, Eastern Division.

Oct. 24, 1997.

Chaka M. Patterson, Jenner & Block, Chicago, IL, Carlton E. Odim, Carlton Odim, Attorney at Law, Chicago, IL, for Plaintiff.

Patrick Matthew Graber, Elena M. DeWolfe, McCullough, Campbell & Lane, Chicago, IL, for Defendants.

## MEMORANDUM OPINION AND ORDER

LEVIN, United States Magistrate Judge.

Defendants Yellow Corporation, Yellow Freight Systems ("Yellow Freight") and Peter Andreides ("Andreides") move for a protective order pursuant to Fed.R.Civ.P. 26(c). For the reasons explained below and as described herein, Defendants' motion is granted in part and denied in part.

## I. THE BACKGROUND.

This is a diversity negligence case brought against a driver, Andreides, his employer, Yellow Freight, and the employer's parent company, Yellow Corporation. Plaintiff filed a number of discovery requests which Defendants answered. Defendants withheld certain documents at issue here relating to arbitration proceedings conducted between Andreides and his employer, Yellow Freight.[1]

## II. DEFENDANTS' MOTION FOR A PROTECTIVE ORDER.

Defendants request that the court enter a protective order pursuant to Fed.R.Civ. 26(c) which does at least some of the following: (1) prevents documents regarding the arbitration from being produced; (2) requires that the documents be enclosed in a sealed envelope to be opened for discovery purposes only; and/or (3) prevents use of the docu-

---

1. Andreides' employer initially suspended Andreides based on the accident at issue in this litigation. Andreides subsequently submitted a grievance to his union which led to an investigation and, pursuant to a collective bargaining agreement, both sides presented their argument before a "Conference Arbitration Panel" which Defendants characterized as a "quasi-judicial proceeding with no attorney involvement." As a result of the grievance proceedings held between Andreides and management, Andreides was reinstated.

ments at trial. A court may issue a protective order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. *See* Fed.R.Civ.P. 26(c). Defendants basically argue that the protective order should be entered because: (1) a privilege attaches to these documents; (2) the documents concern subsequent remedial measures taken by the company; and (3) the documents are protected "work-product."

### A. THE PRIVILEGE ARGUMENT.

■ Defendants first argue that the documents are "absolutely privileged." Under Fed.R.Evid. 501, a federal court sitting in diversity applies the privilege law of the relevant state. *See, e.g., Armour Int'l Co. v. Worldwide Cosmetics, Inc.,* 689 F.2d 134, 135 (7th Cir.1982). Defendants have presented no relevant state law demonstrating an evidentiary privilege here (nor asserted which state law applies). Instead, Defendants have cited decisions from various jurisdictions holding that statements made by parties in grievance proceedings cannot subject parties to defamation or libel damage actions. (*See* Defs.Mem. at pp. 2–4, 6, 7.) Defendants fail to demonstrate that there is an evidentiary privilege attached to documents concerning the grievance procedure.[2]

### B. THE SUBSEQUENT REMEDIAL MEASURES ARGUMENT.

Defendants also argue that the documents regarding the arbitration hearing between Andreides and Yellow Freight concern subsequent remedial measures pursuant to Rule 407 of the Federal Rules of Evidence. Rule 407 states:

[w]hen after an event, measures are taken which, if taken previously, would have made the event less likely to occur, evidence of the subsequent measures is not admissible to prove negligence or culpable conduct in connection with the event. This rule does not require the exclusion of evidence of subsequent measures when offered for another purpose, such as proving

ownership, control or feasibility of precautionary measures, if controverted, or impeachment.

■ As a preliminary matter, Rule 407 is a rule of admissibility at trial; it is not a rule governing pretrial procedure. As explained in 2 WEINSTEIN, WEINSTEIN'S EVIDENCE ¶ 407[07] at 407–44 (1996):

[t]he standard of admissibility established by Rule 407 for evidence of subsequent remedial measures is not the same as that for pretrial discovery. Some courts have failed to make the distinction and denied discovery on the grounds of relevance. The better view is to permit discovery, not only because Rule 407 is essentially a rule of public policy rather than of relevancy, but also because subsequent remedial measures might be admissible to prove a consequential, material fact in issue other than negligence.

A number of courts have adopted Judge Weinstein's view. *See, e.g., Miner v. Kendall,* No. 96–1126–MLB, 1996 WL 740566, at *2 (D.Kan. Sept. 27, 1996); *Trzeciak v. Apple Computers, Inc.,* No. 94 Civ. 1251, 1995 WL 20329 at *2, *8 n. 1 (S.D.N.Y. Jan. 15, 1995); *Capellupo v. FMC Corp.,* Civ. No. 4–85–1239, 1988 WL 41398, at *6 (D.Minn. May 3, 1988); *Sencon Sys., Inc. v. W.R. Bonsal Co.,* No. 85 C 8250, 1987 WL 11848, at *2 (N.D.Ill. June 4, 1987). *See also Vardon Golf Co. v. BBMG Golf Ltd.,* 156 F.R.D. 641, 651 (N.D.Ill.1994) (where information sought in discovery would not be admissible due to an exclusionary rule in the Federal Rules of Evidence, the proponent of discovery may obtain discovery: (1) by showing that the evidence is admissible for another purpose other than that barred by the Federal Rules of Evidence or (2) by articulating a plausible chain of inferences showing how discovery of the item sought would lead to admissible evidence).

■ Defendants' act of firing Andreides is a subsequent remedial measure. *See, e.g., Wanke v. Lynn's Transp. Co.,* 836 F.Supp. 587, 595 (N.D.Ind.1993) (granting motion *in limine* to exclude "post-event dismissal or

---

**2.** Defendants' policy argument that a privilege should attach to documents created in anticipation of a grievance proceeding based on Congress' intention to promote the full, frank, uninhibited, robust, and wide-open debate at bargaining sessions cannot prevail absent authority demonstrating the existence of a privilege under the relevant state law.

discipline of an employee responsible for the event"); *Hull v. Chevron U.S.A., Inc.*, 812 F.2d 584, 586 (10th Cir.1987). In addition, the ensuing grievance proceeding—which irrefutably would not have occurred without the suspension of Andreides—flows from Yellow Freight's attempt to implement Andreides' termination and, therefore, must also be considered a subsequent remedial measure.

Here, however, Plaintiff argues that, even if the grievance documents constitute evidence of subsequent remedial measures, Plaintiff may still admit those documents for purposes other than to prove negligence, *e.g.*, to rebut Defendants' defense that the truck was not defective, demonstrate that Defendants had knowledge that Andreides was an unsafe driver and that the truck was defective, and/or prove proximate cause. Although Defendants argue, with factual detail, that the materials Plaintiff seeks "will not gain additional insight as to the information sought," the materials are—for discovery purposes—"reasonably calculated to lead to the discovery of admissible evidence" as to these other purposes described by the Plaintiff. Therefore, although the court can, and will by appropriate motion *in limine* at trial, visit the issue of whether these materials are inadmissible at trial, the grievance proceeding materials should not be withheld from discovery pursuant to Fed.R.Evid. 407.

## C. *THE WORK PRODUCT ARGUMENT.*

■ Defendants finally argue that the documents should not be produced because they are protected by the work-product doctrine. The work product doctrine is governed by federal law—Rule 26(b)(3) of the Federal Rules of Civil Procedure—in diversity cases. *See Dawson v. New York Life Ins. Co.*, 901 F.Supp. 1362, 1367 (N.D.Ill.1995).

Rule 26(b)(3) states:

3. Fed.R.Civ.P. 26(b)(3) further expressly admonishes courts to give even greater protection against disclosure of opinion work product, meaning "the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation." *See Logan*, 96 F.3d at 976, n. 4. *See also*

[A] party may obtain discovery of documents and tangible things otherwise discoverable ... and prepared in anticipation of litigation or for trial by or for another party or by or for another party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means.

Thus, under the rule, "if a party demonstrates that materials in its possession that would otherwise be discoverable were prepared in anticipation of litigation, the materials are considered work product and become subject to a qualified privilege from discovery." *Logan v. Commercial Union Ins. Co.*, 96 F.3d 971, 976 (7th Cir.1996). This qualified privilege may only be overcome if the party seeking production demonstrates both a substantial need for the materials and that it would suffer undue hardship in procuring the requested information some other way. *Id.*[3]

■ The threshold determination in a work product claim is whether the material sought to be protected from discovery was prepared in anticipation of litigation. Even if litigation is imminent, there is no work product immunity for documents prepared in the ordinary course of business rather than for litigation purposes. *See Binks Mfg. Co. v. National Presto Indus., Inc.*, 709 F.2d 1109, 1118 (7th Cir.1983). Defendants argue that—and the threshold determination here is whether—the grievance procedure constitutes "litigation" (or was merely part of "the ordinary course of business").

■ The work-product doctrine only extends to communications made as part of the adversary process. *See, e.g., Dawson v. New York Life Ins. Co.*, 901 F.Supp. 1362, 1368

*K.L. v. Edgar*, 964 F.Supp. 1206, 1211 (N.D.Ill. 1997) ("[M]ental impressions, conclusions, opinions, or legal theories of an attorney" are "nearly absolutely protected, and can be discovered only in very rare and extraordinary circumstances[.]").

(N.D.Ill.1995). Courts have found that the work product doctrine applies to documents prepared by or for a party in connection with arbitrations because arbitrations are adversarial in nature and can be fairly characterized as "litigation." *See, e.g., Samuels v. Mitchell,* 155 F.R.D. 195, 200 (N.D.Cal.1994); *International Ins. Co. v. Peabody Int'l Corp.,* No. 87 C 464, 1988 WL 58611, at *3 n. 1 (N.D.Ill. June 1, 1988). Here, co-defendant Andreides and his employer, co-defendant Yellow Freight, took part in a hearing before a "Conference Arbitration Panel" pursuant to the provisions of a collective bargaining agreement. According to Defendants, no attorneys represented the parties at this proceeding, and the parties freely engaged information as if they were in a judicial setting. Plaintiff concedes that "[t]he defendants were adversarial to each other in the grievance proceeding." (Pltf. Resp. at 1.)

From its review, the court finds that the grievance proceedings here can be characterized as "litigation" for purposes of the work product doctrine.

Having determined that the grievance proceeding is an adversarial process, the issue then becomes whether Defendants may apply the work product protection granted to the documents prepared in anticipation of the grievance proceeding to this federal lawsuit—a different, though clearly related, adversary process. On this point, there is conflicting authority. *See, e.g.,* WRIGHT, MILLER & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2024, at pp. 350–54 (Civil 2d 1994). On one hand, some courts have held that work product protection extends only to materials prepared in anticipation of the very suit before the court. *See, e.g., Ferguson v. Lurie,* 139 F.R.D. 362, 368 (N.D.Ill.1991) ("Rule ... 26 only applies to the litigation at issue, rather than other litigation also conducted by the attorney in the case."); *Horizon Fed. Savings Bank v. Selden Fox & Assocs.,* No. 85 C 9506, 1988 WL 77068, at *1 (N.D.Ill.

July 29, 1988) ("Rule 26 is concerned with the discovery of materials created for use in the litigation at issue.").

■ On the other hand, the "emerging majority view ... seems to be that the work product privilege does extend to subsequent litigation." *In re Grand Jury Proceedings,* 43 F.3d 966, 971 (5th Cir.1994). *See also Clark v. City of Munster,* 115 F.R.D. 609, 615 (N.D.Ind.1987) ("The work product privilege may be claimed in a related proceeding even if the litigation for which the file was created has been terminated."); *In re Murphy,* 560 F.2d 326, 334 (8th Cir.1977). Indeed, the United States Supreme Court has noted in dicta that, although Rule 26(b)(3) is silent on the issue, "the literal language of [the rule] protects materials prepared for any litigation or trial as long as they were prepared by or for a party to the subsequent litigation." *FTC v. Grolier, Inc.,* 462 U.S. 19, 25, 103 S.Ct. 2209, 2213, 76 L.Ed.2d 387 (1983).[4] In addition, one case dealing with this issue in the arbitration context has held that "arbitration is litigation within the meaning of Rule 26(b)(3) and that work product protection extends beyond the close of the litigation to which it pertains to a second litigation." *Peabody,* 1988 WL 58611, at * 3 n. 1.

■ Generally, and particularly under the circumstances of this case, the court views the "emerging majority rule" to be the better rule. For example, here, Plaintiff filed this federal lawsuit against the co-defendants on July 19, 1996. The two co-defendants conducted arbitration on July 31, 1996 and September 9, 1996. The close time proximity between the two adversarial proceedings as well as the connected factual relationship between the proceedings militates toward the work product privilege being extended to the subsequent federal lawsuit. Thus, any documents created by or for Defendants in anticipation of the arbitration hearing here should retain their work product protection in this federal litigation.

4. In *Grolier,* the Court held that the work product privilege contained in Exemption 5 of the Freedom of Information Act extended to subsequent litigation. The Court stated that it was "not rely[ing] exclusively on any particular construction of Rule 26(b)(3)" in reaching its decision, but was independently relying on the statutory language of Exemption 5. *Grolier,* 462 U.S. at 26, 103 S.Ct. at 2213–14. Still, as at least one court has recognized, *"Grolier* provides a strong hint that Rule 26 and *a fortiori, Hickman* (which is the genesis of Rule 26), applies to subsequent litigation." *In re Grand Jury Proceedings,* 43 F.3d 966, 971 (5th Cir.1994).

Given that any documents prepared in anticipation of the arbitration retain their work product protection in this litigation, the issue then becomes whether any of the relevant documents here actually have work product protection.[5] "It is well established that the work product doctrine does not protect discovery of the underlying facts of a dispute." *Thomas & Betts Corp. v. Panduit Corp.*, No. 93 C 4017, 1997 WL 603880 at *6 (N.D.Ill. Sept. 23, 1997). Any materials utilized at the grievance proceedings which are mere factual accounts, such as testimony and evidentiary documents, are not protected work product. *See, e.g., Melrose v. Shearson/American Express, Inc.*, No. 83 C 1469, 1985 WL 2944 at *2 (N.D.Ill. 1985) (oral testimony of employees without mental impressions or opinions of attorneys or representatives is not protected work product); *Samuels*, 155 F.R.D. at 197 (party agreed to produce documents actually submitted during arbitration procedures). In addition, documents prepared in the ordinary course of business are not protected by the work product doctrine. *See, e.g., Binks*, 709 F.2d at 1118; *Allendale Mutual Ins. Co. v. Bull Data Sys., Inc.*, 145 F.R.D. 84, 87 (N.D.Ill.1992).

The court has reviewed, *in camera*, the relevant documents contained in Defendants' privilege log which relate to the requested protective order, *i.e.*, documents "relating to any prior arbitration or grievance proceeding." (*See* Defs. Mem. at 1; Defs. Reply at 1.)[6] Defendants' motion for a protective order is granted in part and denied in part on the basis of the work-product doctrine as set forth below.[7]

Defendants' motion for a protective order pursuant to Rule 26(c) is granted with respect to the following documents for the reasons stated herein:[8]

● **Exhibit # 740–44:** Document prepared by a party or a party's representative in anticipation of litigation.

● **Exhibit # 748, 762:** Document prepared by a party in anticipation of litigation.

● **Exhibit # 763:** Document prepared by a party or a party's representative in anticipation of litigation.

Defendants' motion for a protective order pursuant to Rule 26(c) is denied with respect to the following documents for the reasons stated herein:

5. As an initial matter, Plaintiff argues that Defendants waived any work product protection by introducing testimony and exhibits at the grievance proceedings and exchanging documents with each other. This argument must fail. "While the voluntary disclosure to a third party can constitute a waiver of the attorney-client privilege, this will not suffice to waive the work product doctrine." *Williams v. Musser*, No. 94 C 4140, 1995 WL 27394, at *2 (N.D.Ill. Jan. 23, 1995). *See also Union Pac. Resources Co. v. Natural Gas Pipeline Co. of America*, No. 90 C 5378, 1993 WL 278526, at *2 (N.D.Ill. July 20, 1993) ("It is clear that mere disclosure to a third party is not necessarily sufficient to constitute a waiver of the privilege."); *In re Doe*, 662 F.2d 1073, 1081 (4th Cir.1981) ("To effect a forfeiture of work product protection by waiver, disclosure must occur in circumstances in which the attorney cannot reasonably expect to limit the future use of the otherwise protected material."). Although Plaintiff correctly argues that voluntary disclosure to one's adversary waives work product protection, Plaintiff fails to demonstrate how Defendants voluntary disclosed their work product to an adversary in this litigation.

6. The other documents in the privilege log are not the subject of this motion and thus not before the court herein.

7. Given the court's *in camera* document-by-document inspection of the materials performed in the interest of expediency for both parties, the court finds it unnecessary to reach Plaintiff's procedural argument (which if successful would have resulted only in an amended privilege log being ordered of the Defendants). The court's discovery determination regarding these documents should not be construed as a ruling either way as to their admissibility at trial. Such issues can be handled by motion *in limine* prior to trial.

8. Rule 26(b)(3) provides that Plaintiff may obtain documents containing work product upon a showing that Plaintiff has substantial need of the materials and is unable without undue hardship to obtain their substantial equivalent by other means (except for the opinion work product discussed earlier which receives heightened protection). *See also Chan v. City of Chicago*, 162 F.R.D. 344, 346 (N.D.Ill.1995). Plaintiff has not explained why he has a substantial need for the materials nor why he is unable without undue hardship to obtain their substantial equivalent by other means.

- **Exhibit # 738:** Document from personnel file prepared in the ordinary course of business, not in anticipation of litigation.
- **Exhibit # 747:** Document prepared in the ordinary course of business, not in anticipation of litigation.
- **Exhibit # 749:** Document solely containing factual testimony.
- **Exhibit # 750:** Document by unknown author prepared for unknown reason.
- **Exhibit # 751, 760:** Document from personnel file prepared in the ordinary course of business, not in anticipation of litigation.

### *CONCLUSION*

Defendants' motion for a protective order pursuant to Fed.R.Civ.P. 26(c) is granted in part and denied in part. Defendants' motion is granted with respect to documents nos.: 744–48, 748, 762, and 763. Defendants' motion is denied with respect to documents nos.: 738, 747, 749, 750, 751, and 760.